**FIRST NATIONWIDE BANK, A Federal Savings Bank, Plaintiff–Appellee,**

v.

**SUMMER HOUSE JOINT VENTURE, et al., Defendants–Appellants.**

No. 89–1790.

United States Court of Appeals, Fifth Circuit.

June 5, 1990.

Rehearing and Rehearing En Banc Denied July 16, 1990.

Priscilla E. Perry, Samuel L. Boyd, Boyd & Adams, Dallas, Tex., for defendants-appellants.

Charles A. Gall, Pamela A. Swank, Jenkens & Gilchrist, Dallas, Tex., for plaintiff-appellee.

Before REAVLEY, JONES and DUHÉ, Circuit Judges.

REAVLEY, Circuit Judge:

This is an appeal from a summary judgment and from an order denying appellants' motion for new trial. Finding appellants' post-judgment ("new trial") motion to be a Rule 60(b) motion, we conclude that the notice of appeal was not timely as to the underlying judgment and leaves us without jurisdiction to review it. Unable to find any abuse of discretion, we affirm the order denying appellants' Rule 60(b) motion seeking a new trial.

## I.

In September of 1984, Summer House Joint Venture ("Summer House") executed 136 promissory notes for $6,800,000 in favor of St. Louis Federal Savings and Loan Association ("St. Louis"). The notes were secured by a Deed of Trust executed by Summer House in favor of St. Louis. At that same time, Michael, Martin, Shirley, and Marsha Grossman (the "Grossmans") executed a guaranty for payment of the notes. Note and lien modifications subsequently were made and the notes were renewed and extended. An additional note in the approximate amount of $146,710 was also executed.

St. Louis merged with First Nationwide Bank ("Bank"). The Bank acquired all of St. Louis' right, title, and interest in the notes and guaranty.

Summer House defaulted on the notes. The Bank demanded payment from all of the defendants and then foreclosed on the property through a Substitute Trustee's Sale in August of 1988. The Bank purchased the property securing the notes at the sale for an undisclosed price. The Bank claimed that a deficiency of approximately $5,612,608 in principal and $1,522,182 in interest remained.

In November of 1988, the Bank brought this action against Summer House and the Grossmans to recover the deficiency and attorneys' fees. The Bank's motion for summary judgment was granted by the trial court, and on May 24, 1989, the court entered its judgment against Summer House and the Grossmans for the deficiency. On June 8, 1989, the trial court entered an amended judgment. Appellants served and filed a motion for new trial on June 19, and on July 24, the trial court denied that motion. On August 18, appellants filed their notice of appeal.

## II.

### A.

■ This case raises jurisdictional issues based upon the timeliness of Summer House's appeal. In resolving these issues, the following dates and events are of particular significance.

May 24, 1989—Trial court entered (docketed) judgment granting the Bank's motion for summary judgment for the deficiencies on the notes.

June 8, 1989—Trial court entered amended judgment that merely changed the spelling of one appellant's name (from Martha to Marsha).

June 19, 1989—Appellants filed motion for new trial.

July 24, 1989—Trial court entered order denying appellants' June 19 motion.

August 18, 1989—Appellants served and filed notice of appeal from the trial court's "Judgment entered on May 23, 1989 [1] ... Amended Judgment entered on June 8, 1989; and ... denial of the

---

1. The record reveals that the judgment was docketed on May 24, 1989. *See* Fed.R.App.P. 4(a)(6).

[Appellants'] Motion for New Trial which was filed on July 24, 1989."

To be timely, notice of appeal must be filed within thirty days of entry of judgment, Fed.R.App.P. 4(a)(1), or within thirty days of the trial court's denial of any one of several timely post-judgment motions, *id.* 4(a)(4). The time limits for filing a notice of appeal are "mandatory and jurisdictional." *See Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 108 S.Ct. 1717, 1722, 100 L.Ed.2d 178 (1988).

If Summer House's June 19 motion for new trial was not timely as a Rule 59 motion, Summer House's August 18 notice of appeal was not a timely appeal of the summary judgment whether entered on May 24 or on June 8, because the notice was not made within thirty days of either of those dates. *See* Fed.R.App.P. 4(a)(4). If the June 19 motion was timely (i.e. served within ten days of the entry of final judgment),[2] it would be considered a Rule 59 motion, *Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 667 (5th Cir.) (en banc), *cert. denied*, 479 U.S. 930, 107 S.Ct. 398, 93 L.Ed.2d 351 (1986), and the timeliness of the notice of appeal would be measured from the date the court ruled on that motion. Fed.R.App.P. 4(a)(4). However, if the post-judgment motion were not served within the ten day period, the motion will be considered a Rule 60 motion, *see Harcon Barge*, 784 F.2d at 667, and our review would then be limited to determining solely whether the trial court abused its discretion in ruling on the post-judgment motion (since a notice of appeal was not otherwise filed within thirty days of the original final judgment as required by Fed. R.App.P. 4(a)(1)), *see Huff v. International Longshoremen's Ass'n, Local #24*, 799 F.2d 1087, 1090 (5th Cir.1986). The timeliness of Summer House's motion for new trial—and, therefore, the extent of our jurisdiction—depends on whether final judgment was entered on May 24 or on June 8.

## B.

■ A final judgment terminates the litigation on the merits of the case and leaves the court with nothing to do except execute the judgment. *Budinich*, 108 S.Ct. at 1720. Appellants argue that the trial court did not enter its final judgment on May 24 because the trial court did not rule on the merits of the entire case. Specifically, appellants point out that the Bank sought not only the alleged deficiency, but also attorneys' fees as provided in the notes on which the suit was brought. They contend that attorneys' fees arising out of a contract are a part of the merits of the case, *see Hooper v. Federal Deposit Ins. Corp.*, 785 F.2d 1228, 1231 (5th Cir.1986) (quoting *Oxford Prod. Credit Ass'n v. Duckworth*, 689 F.2d 587, 589 (5th Cir.1982)), and because the attorneys' fees had yet to be decided by the court, the May 24 judgment was not final, *see Holmes v. J. Ray McDermott & Co.*, 682 F.2d 1143, 1145 (5th Cir. 1982), *cert. denied*, 459 U.S. 1107, 103 S.Ct. 732, 74 L.Ed.2d 956 (1983), *rejected, Budinich*, 108 S.Ct. 1717; *see also Duckworth*, 689 F.2d at 589.

While appellants' reasoning may have found acceptance in this circuit prior to the Supreme Court decision in *Budinich*, it no longer does. *See Treuter v. Kaufman County, Texas*, 864 F.2d 1139, 1142–43 (5th Cir.1989). In *Budinich*, the Supreme Court held that a judgment is "final" even though attorneys' fees have yet to be determined by the court. *Budinich* raised the question in a situation where attorneys' fees were provided by *statute*. However, it is clear from its sweeping language that *Budinich* establishes a "bright line" rule that applies with equal force where attorneys' fees are sought under a *contract*. Justice Scalia wrote for a unanimous Court that

what is of importance here is not preservation of conceptual consistency in the status of a particular fee authorization as "merits" or "nonmerits," but rather preservation of operational consistency and predictability in the overall application of § 1291. This requires, we think,

---

**2.** If final judgment was entered on June 8, appellants' June 19 motion seeking a new trial would be considered served within the ten day period prescribed by Fed.R.Civ.P. 59(b) as computed by Fed.R.Civ.P. 6.

a uniform rule that an unresolved issue of attorney's fees for the litigation in question does not prevent judgment on the merits from being final.

... Courts and litigants are best served by [a] bright-line rule ... that a decision on the merits is a "final decision" for purposes of § 1291 whether or not there remains for adjudication a request for attorney's fees attributable to the case.

*Budinich,* 108 S.Ct. at 1721–22. Certainly, the "bright-line" rule announced in *Budinich* covers all attorneys' fees, whether provided by statute or contract.

Appellants also argue that the June 8 judgment is the final judgment because in its order of May 24, the trial court indicated that it intended to amend its judgment. Specifically, appellants note that in its May 24 order, the trial court granted summary judgment to the Bank only as to the deficiency and indicated that it might amend its judgment upon submission of an affidavit as to attorneys' fees. To clarify, the trial court stated that "[s]hould Plaintiff wish to recover its reasonable attorneys' fees, it may submit a proper affidavit ... [within twenty days] from which the Court may make an independent determination of the reasonableness of the fee." The trial court continued by stating that it could amend its judgment upon submission of the affidavit but that failure to submit an affidavit "may result in the Court denying Plaintiff's request for attorney's fees."

■ The fact that the trial court, in its order, expressly reserved the right to amend the May 24 judgment following receipt of affidavits on the question of attorneys' fees does not prevent that judgment from being "final." *See Treuter,* 864 F.2d at 1142–43 (despite reservation by trial court to later determine amount of attorneys' fees, court order was final appealable judgment). The May 24 judgment was not an "interlocutory judgment" as was the order in *Harbor Ins. Co. v. Trammell Crow Co.,* 854 F.2d 94, 97 (5th Cir.1988) (where trial court labeled judgment "Inter-

locutory Judgment only," decision is not "final" for purposes of appeal), *cert. denied,* —— U.S. ——, 109 S.Ct. 1315, 103 L.Ed.2d 584 (1989).

■ The May 24 judgment was the final judgment from which an appeal could be taken. The amended judgment of June 8 only corrected the spelling of one defendant's name (from Mar*t*ha to Mar*s*ha). In all other respects it is identical to the judgment entered on May 24. Appellee characterizes this amended judgment as a nunc pro tunc entry under Fed.R.Civ.P. 60(a), which is effective as of the date of the original judgment. *Matthies v. Railroad Retirement Bd.,* 341 F.2d 243, 246 (8th Cir.1965). This immaterial change does not enlarge the time for filing an appeal or post-judgment motion. *See Federal Trade Comm'n v. Minneapolis–Honeywell Regulator Co.,* 344 U.S. 206, 211–12, 73 S.Ct. 245, 248–49, 97 L.Ed. 245 (1952).

### C.

■ Because May 24 was the date final judgment was entered and the June 19 motion seeking a new trial was not served within ten days of the judgment, the June 19 motion was a Rule 60(b) rather than a Rule 59 motion. *See Harcon Barge,* 784 F.2d at 667; Fed.R.Civ.P. 60(b). A Rule 60(b) motion does not enlarge the period for filing a timely appeal of the underlying judgment. *See Williams v. Brown & Root, Inc.,* 828 F.2d 325, 328 (5th Cir.1987); *Huff,* 799 F.2d at 1090. Consequently, this court is without jurisdiction to review the May 24 judgment. However, the August 18 notice of appeal was timely as to the trial court's July 24 order denying reconsideration or retrial on Rule 60(b) grounds. We, therefore, do have jurisdiction to review that order.[3]

### D.

■ Review of a denial of a Rule 60(b) motion is limited to the abuse of discretion standard to ensure that 60(b) motions do not undermine the requirement of a timely

---

**3.** An order denying a Rule 60(b) motion may be appealed. *See Williams,* 828 F.2d at 328 n. 5;

*Eleby v. American Medical Sys., Inc.,* 795 F.2d 411, 412 (5th Cir.1986).

appeal. *See Huff,* 799 F.2d at 1091. In reviewing a denial of a Rule 60(b) motion " '[i]t is not enough that the granting of relief might have been permissible, or even warranted, denial must have been so *unwarranted* as to constitute an abuse of discretion.' " *Id.* (quoting *Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396, 402 (5th Cir. Unit A Jan. 1981) (emphasis in original).

■ Applying this standard to the trial court's denial of defendants' motion for new trial, we find no abuse of discretion. No defect or mistake satisfies the grounds of Rule 60(b). Indeed, appellants show us no error. The trial court properly held that under Texas law mere inadequacy of sales price does not void an otherwise valid foreclosure sale. *See American Sav. & Loan Ass'n v. Musick,* 531 S.W.2d 581, 587 (Tex. 1975); *Tarrant Sav. Ass'n v. Lucky Homes Inc.,* 390 S.W.2d 473, 475–76 (Tex. 1965). This court has recently reviewed a challenge similar to the one brought by appellants in the instant case. *See Savers Fed. Sav. & Loan Ass'n v. Reetz,* 888 F.2d 1497 (5th Cir.1989). In *Reetz* this court affirmed that "under controlling and long-established Texas law ... inadequacy of the consideration received on the foreclosure sale cannot alone invalidate an otherwise valid deed of trust nonjudicial foreclosure on real estate ... [even] where the creditor is the purchaser at the foreclosure." *Id.* at 1503.

For these reasons, the appeal of the trial court's denial of the 60(b) motion, the only matter over which we have jurisdiction, is AFFIRMED.