**Charles Lee STUBBS, Plaintiff,**

v.

**Charles L. HUNTER, Public Defender of Marlboro County, Defendant.**

**Civ. A. No. 2:92–2482–20BC**

United States District Court,
D. South Carolina,
Charleston Division.

Nov. 6, 1992.

Charles Lee Stubbs, pro se.

## ORDER

HERLONG, District Judge.

On September 9, 1992, Magistrate Judge Joseph R. McCrorey recommended that this court dismiss this § 1983 action against the Public Defender of Marlboro County without issuance and service of process because the defendant did not act under color of state law. On the last page of Magistrate Judge McCrorey's recommendation, the following notice appeared:

## NOTICE OF RIGHT TO
## FILE OBJECTIONS

As the plaintiff is proceeding *pro se,* he is hereby advised that this report and the file of this case will be transmitted to the court fourteen (14) days after this report is filed. During that 14–day period, *but not thereafter,* the plaintiff may file with the Clerk of Court any objections to the recommendation. Failure to file such objections shall result in the dismissal of this action and shall constitute a waiver of the plaintiff's right to appeal the final order. See *United States v. Schronce,* 727 F.2d 91 (4th Cir.) *cert. denied,* 467 U.S. 1208 [104 S.Ct. 2395, 81 L.Ed.2d 352] (1984), and *Wright v. Collins,* 766 F.2d 841 (4th Cir.1985). Objection(s) should be mailed early enough to meet the deadline for filing, addressed as follows:

Ann A. Birch, Clerk
United States District Court
1845 Assembly Street
Columbia, SC 29201

(Recommendation, at page 6).

As the notice clearly indicates, the plaintiff was informed that he must mail his

objections early enough to meet the deadline for filing. No objections were received by the Clerk of Court within the fourteen-day period. On September 29, 1992, the Clerk of Court forwarded the file in this case to the District Court. On October 2, 1992, the undersigned filed an order accepting the recommendation of Magistrate Judge McCrorey. On October 6, 1992, the Clerk of Court issued the judgment on a Form AO 450.

On October 7, 1992, the Clerk of Court received a "verified" complaint, which is an objection to the recommendation of Magistrate Judge McCrorey. In his "verified" complaint, the plaintiff restates allegations in the original complaint, but alleges that the defendant was involved in a conspiracy against him. On October 15, 1992, the Clerk of Court received from the plaintiff an *"APPEAL OF ORDER* [,]" wherein the plaintiff states that he on September 24, 1992, requested an extension of time to file objections.[1] The Clerk of Court has no record of receiving a request for an extension of time. In the *"APPEAL OF ORDER* [,]" the plaintiff "prays a rehearing by Judge Herlong with the verified complaint and evidence."

■ The plaintiff does not indicate whether his request for rehearing is made pursuant to Rule 59 or Rule 60 of the Federal Rules of Civil Procedure. Courts have had to determine whether a post-judgment motion is made under Rule 59 or Rule 60. See, *e.g., First Nationwide Bank v. Summer House Joint Venture,* 902 F.2d 1197, 1199 (5th Cir.1990).[2] Most courts have ruled that the filing of a post-judgment motion within ten (10) days of entry of judgment, other than a motion to correct a clerical error covered by Rule 60(a), " 'is within the unrestricted scope of Rule 59(e).' " *Birdsong v. Wrotenbery,* 901

---

1. Under *Houston v. Lack,* 487 U.S. 266, 269–275, 108 S.Ct. 2379, 2381–2385, 101 L.Ed.2d 245 (1988), a prisoner's delivery of legal mail to prison officials for mailing constitutes the filing of the document.

2. This court is required to construe *pro se* pleadings and documents liberally. Such *pro se* documents are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir.), *cert. denied,* 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978).

F.2d 1270, 1272 (5th Cir.1990). A Rule 59(e) motion is not restricted in coverage. Also, a Rule 59(e) motion suspends the finality of a judgment for purposes of appeal, and the full time for appeal commences to run anew from the entry of the order disposing of the motion. See Fed. R.App.P. 4(a)(4), and *Arnold v. Sullivan*, 131 F.R.D. 129, 131 (N.D.Ind.1990). But a Rule 60(b) motion, however, does not enlarge the period for filing a timely appeal of the underlying judgment. *First Nationwide Bank v. Summer House Joint Venture, supra*, 902 F.2d at 1200. Furthermore, in cases where a notice of appeal has already been filed, the filing of a Rule 59 motion negates the first notice of appeal, and gives rise to the need to file a second notice of appeal, without which an appellate court would lack jurisdiction. *Birdsong v. Wrotenbery, supra*, 901 F.2d at 1272 (collecting cases).

 The court is treating the *"APPEAL OF ORDER"* as a Rule 59(e) motion because the *"APPEAL OF ORDER"* was received on October 15, 1992, which was less than ten (10) days after the entry of judgment (October 6, 1992). Furthermore, the plaintiff requests a rehearing. The "verified" complaint and the exhibits attached to the verified complaint essentially restate the allegations in the complaint, but add the element of conspiracy between the defendant and another attorney, Frank E. Cain, Jr., of Bennettsville. Mr. Cain, however, is a private attorney who was appointed to represent the plaintiff in his post-conviction case.

As explained to the plaintiff in Magistrate Judge McCrorey's recommendation, a public defender, court-appointed attorney, or retained attorney does not act under color of state law. Hence, the allegations of conspiracy between a court-appointed attorney in a post-conviction case[3] and a public defender in the underlying state trial cannot overcome binding precedents holding that there was no action under color of

state law. See *Deas v. Potts*, 547 F.2d 800 (4th Cir.1976) ("A private attorney who is retained to represent a criminal defendant is *not* acting under color of state law, and therefore is not amenable to suit under § 1983."); *Hall v. Quillen*, 631 F.2d 1154, 1155–1156 & nn. 2–3 (4th Cir.1980), *cert. denied*, 454 U.S. 1141, 102 S.Ct. 999, 71 L.Ed.2d 293 (1982) (court-appointed attorney); and *Polk County v. Dodson*, 454 U.S. 312, 317–324 & nn. 8–16, 102 S.Ct. 445, 449–453 & nn. 8–16, 70 L.Ed.2d 509 (1981) (public defender).

Moreover, the *pro se* plaintiff in his "verified" complaint has not shown specific allegations which would connect Mr. Hunter's actions to the actions of persons acting under color of state law. *Wetherington v. Phillips*, 380 F.Supp. 426, 428–429 (E.D.N.C.1974), *affirmed*, 526 F.2d 591 (4th Cir.1975) [Table]. *Cf. Joyner v. Abbott Laboratories*, 674 F.Supp. 185, 191 (E.D.N.C.1987). Mr. Cain, as a court-appointed attorney in the post-conviction case, did not act under color of state law. Hence, any "conspiracy" between the defendant and Mr. Cain cannot constitute action under color of state law.

This case, on rehearing, is dismissed without issuance and service of process. This dismissal is without prejudice to the plaintiff's right to seek federal habeas corpus relief under 28 U.S.C. § 2254, *after* he has fully exhausted his state remedies.

IT IS SO ORDERED.

---

3. As for the plaintiff's criticism of Mr. Cain, his post-conviction attorney, those matters would not be a basis for federal collateral relief under 28 U.S.C. § 2254. See *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539

(1987); and *Bryant v. State of Maryland*, 848 F.2d 492, 493 (4th Cir.1988) (collecting cases holding that errors in a state post-conviction proceeding "cannot serve as a basis for federal habeas corpus relief").