IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 92-7451
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL CARVAJAL,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. CR-C-89-190(01)
- - - - - - - - - -
March 17, 1993

Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Miguel Carvajal appeals the district court's denial of his motion for grand jury transcripts. His appeal is frivolous. See 5th Cir. Loc. R. 42.2.

Carvajal provides no jurisdictional basis for his motion to inspect the grand jury minutes. The judgment convicting Carvajal has been entered. He did not directly appeal that judgment. The merits of his § 2255 motion have also been addressed by the district court and dismissed when the district court denied his

_____

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

motion.  Because the cause was terminated, the district court lacked jurisdiction to grant his motion requesting grand jury transcripts.  See, e.g., First Nationwide Bank v. Summer House Joint Venture, 902 F.2d 1197, 1199 (5th Cir. 1990).

More important, Carvajal did not allege in his § 2255 motion, nor does he now specifically allege, any irregularity in the grand jury proceedings.  It is well established that this Court need not consider arguments on appeal that were not raised before the district court in a § 2255 petition.  See United States v. Cates, 952 F.2d 149, 152 (5th Cir.), cert. denied, 112 S.Ct. 2319 (1992).  Grand jury proceedings are normally secret; Carvajal cannot now conduct a fishing expedition to see if he can find something in the grand jury minutes that might support further relief under § 2255.  See United States v. Short, 671 F.2d 178, 183-187 (6th Cir.), cert. denied, 457 U.S. 1119 (1982).

The appeal is DISMISSED as frivolous.