United States Court of Appeals,

Fifth Circuit.

No. 94-50265

Summary Calendar.

In the Matter of EL PASO REFINERY, LP, Debtor.

ANDREWS & KURTH L.L.P., Appellant,

v.

WRIGHT KILLEN & CO., INC., Appellee.

Nov. 9, 1994.

Appeal from the United States District Court for the Western District of Texas.

Before DUHÉ, WIENER and STEWART, Circuit Judges.

PER CURIAM:

This case involves the issue of whether a bankruptcy debtor's former counsel has standing under Fed.R.Civ.P. 60(b) to have a bankruptcy court's published memorandum opinion withdrawn based upon its assertion that the court's findings of fact and other comments therein are erroneous and injurious to the firm's reputation. Because we conclude that Debtor's former law firm does not have standing to file such a motion, we affirm the denial of counsel's motion.

*BACKGROUND*

On May 26, 1993, the United States Bankruptcy Court for the Western District of Texas entered a memorandum opinion granting Debtor's application to employ Wright Killen as an industry

1

consultant *nunc pro tunc*.[1]  This opinion was published at *In re El Paso Refinery, L.P.,* 155 B.R. 418 (Bankr.W.D.Tex.1993).  Debtor's former counsel, Andrews & Kurth ("A & K") law firm, read the opinion in the advance sheets and took exception to some of the language in it, claiming that it is erroneous and wrongly casts the firm in an unfavorable light.

The gist of the bankruptcy judge's opinion was that he granted Debtor's *nunc pro tunc* application, over the Internal Revenue Service's objection, based upon his conclusion that Wright Killen was not at fault for the delay in filing its employment application.  Instead, the bankruptcy court found that it was A & K's fault that the application had not been filed sooner.  Accordingly, the judge decided not to penalize Wright Killen for what it viewed as A & K's error.  A & K did not participate in the hearing on the application, as it was no longer serving as Debtor's counsel.

Months later, after reading the opinion in the advance sheets, A & K filed a Rule 60(b) motion to revoke the order approving Wright Killen's employment because of its quarrel with the bankruptcy court's findings and comments about A & K, which it claims are wrongfully injurious to the firm's reputation.

---

[1]Wright Killen had not obtained prior court authorization of its employment, although it had already performed services for Debtor.  Thus, its employment application was sought *nunc pro tunc,* meaning "now for then."  BLACK'S LAW DICTIONARY 964 (5th ed. 1979).  *Nunc pro tunc* orders are allowed in bankruptcy proceedings where the judge feels that circumstances require it, as a result of a previous oversight or omission.  *In re MortgageAmerica Corp.,* 831 F.2d 97 (5th Cir.1987).

In particular, A & K objects to the bankruptcy judge's finding of fact that Wright Killen had provided copies of its employment contract to A & K so that counsel could file an application seeking authorization to employ Wright Killen. The firm asserts that this finding is erroneous, that no employment contract ever was provided to A & K by Wright Killen. A & K claims that the court's finding was based upon untrue testimony given by Wright Killen at the *nunc pro tunc* hearing.

The firm also objects to language in the opinion whereby the court found that Wright Killen performed services for the Debtor from approximately October 14, 1992 through the first week of December 1992, "[i]n reliance on counsel's representations and assurances that they would take care of filing the application to employ." *In re El Paso Refinery, L.P., supra,* at 419. A & K contends that even if the employment contract and other documents needed to obtain court approval were delivered to A & K during the first week of November 1992, as Wright Killen's representative testified at the hearing, the court's statement that Wright Killen relied on A & K's assurances beginning *October 14th* is clearly erroneous. A & K claims that its attorneys did not even meet Mr. Dudley, Wright Killen's representative, prior to October 23, 1992. Moreover, A & K asserts that it told Wright Killen that it would have to have a copy of the employment contract and a certificate of disinterestedness, as required by the Bankruptcy Code, before it could file the employment application.

The firm also quibbles with the bankruptcy court's finding of

fact that A & K was replaced on January 20, 1993 by Debtor's current counsel, Kemp, Smith, Duncan & Hammond ("Kemp Smith"). A & K acknowledges that this finding is technically accurate, because January 20, 1993 is the date the order approving Kemp Smith was entered. However, A & K contends that Kemp Smith was involved in this case from the outset and had already taken over as Debtor's primary bankruptcy attorney by early November 1992. A & K also takes offense at other language in the opinion whereby the bankruptcy court, in approving the *nunc pro tunc* employment application, noted that:

> The reason [the application] was never filed was due solely to the failure of [A & K] to act as they represented they would.... Wright Killen was not responsible for their application not being filed. [A & K] was. It would be unjust and improper to penalize Wright Killen for the failure of [A & K] to perform their duties.

*In re El Paso Refinery, L.P., supra,* at 421.

The A & K firm asserts that these comments are erroneous and severely injurious. It claims that up to now A & K has enjoyed a reputation as an excellent and highly capable bankruptcy firm, but now its reputation has been damaged as a result of the published opinion criticizing it. A & K claims that the opinion could be used in the future to prevent the firm from being hired in bankruptcy cases, as court approval is usually required for a firm's employment to represent a bankrupt.

The bankruptcy court denied A & K's Rule 60(b) motion to revoke the employment order and published opinion, noting that A & K is not an interested party, nor was it affected by the order in question. The judge stated that the motion was "at best an attempt

4

to appeal and/or collaterally attack an order previously entered which has no direct effect upon the movant." A & K appealed to the district court for the Western District of Texas, which affirmed the bankruptcy court's order denying the motion. This appeal followed.

*STANDARD OF REVIEW*

We review a denial of a Rule 60(b) motion only for abuse of discretion. *Latham v. Wells Fargo Bank,* 987 F.2d 1199 (5th Cir.1993); *First Nationwide Bank v. Summer House Joint Venture,* 902 F.2d 1197 (5th Cir.1990); *Aucoin v. K-Mart Apparel Fashion Corp.,* 943 F.2d 6 (5th Cir.1991).

*ANALYSIS*

At issue is whether Debtor's former counsel, A & K, has standing to file a Rule 60(b) motion. A & K contends that it does have standing. It makes three separate arguments in support of its view that it has standing to file a Rule 60(b) motion.

A & K contends that it qualifies as "a party's legal representative," as that term is used in Fed.R.Civ.P. 60(b), enabling it to file such a motion.[2] A & K also claims that it is

---

[2]Federal Rule of Civil Procedure 60(b) provides that "[o]n motion and upon such terms as are just, the court may relieve *a party or a party's legal representative* from a final judgment, order, or proceeding (emphasis added)" in certain situations, including *inter alia:* (1) mistake, inadvertence, surprise, or excusable neglect; ... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; ... or (6) any other reason justifying relief from the operation of the judgment (emphasis added).

Fed.R.Bankr.P. 9024 makes Fed.R.Civ.P. 60 applicable to bankruptcy proceedings. Thus, a party or a party's legal representative may file a Rule 60(b) motion in a bankruptcy

5

a "party in interest" under 11 U.S.C. § 1109(b) and has status to intervene in the proceedings via a Rule 60(b) motion because it is debtor's former counsel and therefore a creditor of the debtor's estate.[3] Moreover, A & K argues that it is entitled to standing under principles of justice.

We are not persuaded by any of A & K's arguments that it has standing to file a Rule 60(b) motion. This opinion will separately address each of the three theories under which A & K claims to derive standing.

*1. "A party's legal representative"*

A & K claims that it meets the definition of "a party's legal representative" for purposes of Rule 60(b) because it served as Debtor's counsel. We reject this argument. The phrase "a party's legal representative" means one who stands in the place and stead of another, such as an heir at law. *Mobay Chemical Co. v. Hudson Foam Plastics Corp.,* 277 F.Supp. 413 (S.D.N.Y.1967).

The term was intended to reach "only those individuals who were in a position tantamount to that of a party or whose legal rights were otherwise so intimately bound up with the parties that their rights were directly affected by the final judgment." *Kem Mfg. Corp. v. Wilder,* 817 F.2d 1517 (11th Cir.1987).[4] The *Kem*

---

proceeding.

[3]Section 1109(b) provides, in pertinent part, that "[a] party in interest, including ... a creditor ... may raise and may appear and be heard on any issue in a case under this chapter."

[4]A & K contends that under *Kem*, an attorney for a party may qualify as a legal representative under Rule 60(b); however, we disagree. The court in *Kem* analyzed whether the movant had

6

definition of "legal representative" was cited with approval by this Court in *Harrell v. DCS Equipment Leasing Corp.,* 951 F.2d 1453 (5th Cir.1992). Other courts have taken a very similar approach to *Kem* in analyzing standing issues under Rule 60(b).[5]

We conclude that the phrase "legal representative" as used in Rule 60(b) does not include counsel within the context of the attorney-client relationship. We cannot say that A & K was in a position "tantamount" to Debtor's, nor were its rights so intimately bound up with Debtor's that A & K's rights were *directly affected* by the judgment.

At least three courts, including our colleagues of the Tenth Circuit and the District of Columbia Circuit, have specifically held that an attorney does *not* qualify as a "legal representative"

---

standing by considering whether the final judgment therein directly affected any property or other legal right of the movant. Andrews & Kurth relies on language therein which suggests that an attorney may qualify as representative of a party. However, the movant in *Kem* was not an attorney; therefore, the Court's comments are merely *dicta.*

[5]*See e.g., In re Ewing,* 54 B.R. 952 (D.C.Co.1985) (real estate broker did not have standing to file a motion to reconsider denial of Debtor's motion to have broker appointed as exclusive broker for sale of real property); *Screven v. United States,* 207 F.2d 740, 741 (5th Cir.1953) (alleged realty owners did not have standing to set aside judgment in original condemnation proceeding because they were not parties to such proceeding); *United States v. West Willow Apartments, Inc.,* 245 F.Supp. 755, 757 (E.D.Mich.1965) (purchaser at a mortgage foreclosure sale lacked standing under 60(b) to move to reopen the foreclosure decree to seek removal of the period of redemption). *But cf. In re Casco Chemical Co.,* 335 F.2d 645, 651 (5th Cir.1964) (trustee in bankruptcy had standing to bring action to set aside judgment in interpleader action ordering distribution of funds allegedly owed to bankrupt.)

7

of a party for purposes of Rule 60(b).[6]  Rule 60(b) on its face makes no provision for a motion otherwise to be brought by a party's counsel.  In addition, A & K has produced no Fifth Circuit authority on point indicating that the rule notwithstanding its literal language should be read to include one in A & K's position.

Moreover, even if we were to conclude that an attorney-at-law may in some circumstances have standing to file a Rule 60(b) motion, it must not be overlooked that A & K was not Debtor's counsel at the time of the filing of either the *nunc pro tunc* application of the Debtor or the 60(b) motion of A & K, but was the Debtor's *former* counsel.  Even if the term "legal representative" were construed to include a party's attorney-at-law, the term certainly should not extend to a party's *former* counsel.  In light of these facts, we cannot say that the bankruptcy judge abused his discretion in denying A & K's motion.

*2. Status as a creditor*

A & K also claims that it has standing as a *creditor* to challenge the *nunc pro tunc* appointment of Wright Killen under 11 U.S.C. § 1109(b).  We reject this contention as well, finding it to be both specious and disingenuous.  A & K does not really challenge the appointment of Wright Killen *per se;*  instead, it merely

---

[6]*Mobay Chemical Co. v. Hudson Foam Plastics Corp., supra; Ratner v. Bakery and Confectionery Workers Intl. Union of America,* 394 F.2d 780 (D.C.Cir.1968) (attorneys did not have standing to file 60(b) motion for supplementary fees and expenses in litigation which had been settled and dismissed);  *Western Steel Erection Co. v. United States,* 424 F.2d 737, 739 (10th Cir.1970) (attorney may not use Rule 60(b) as a vehicle to resolve his private controversy with a party over his fee).

objects to the court's comments about A & K in the published opinion.  Thus, A & K's 60(b) motion did not really seek to assert its rights as a *creditor;*  instead, it sought to remedy the court's characterization of A & K's performance in its role as *Debtor's prior counsel.*[7]  Had A & K opposed the appointment of Wright Killen because it was afraid its position as a creditor might be compromised, i.e., that funds expended toward Wright Killen's employment would jeopardize A & K's chance of being paid, it could have done so;  however, A & K did not oppose the appointment at the hearing—only the IRS did.  A & K merely quibbles with the *reasons* enunciated by the bankruptcy judge in his approval of Wright Killen's employment.  In light of these facts, we reject as meritless A & K's argument that it is entitled to file a Rule 60(b) motion seeking revocation of the order by virtue of its status as a creditor.

*3. "Interests of justice"*

We also reject A & K's argument that the interests of justice require that their Rule 60(b) motion be granted.  The bankruptcy judge was in an optimal position to determine whether the arguments forwarded by A & K in its motion warranted relief under Rule 60(b).

---

[7]*See, e.g., Ratner, supra,* in which former attorneys sought to reopen dismissed litigation in order to obtain additional fees and expenses.  The Court noted that, although former counsel contended they should be allowed to file a 60(b) motion because "notice of the settlement and dismissal was not given to them, they [did] not assert entitlement to notice as a party or as counsel for any party to the case, but only because of *their* interest in additional fees and expenses (emphasis added)." *Ibid.,* at 782.  Similarly, A & K is not seeking to have the opinion withdrawn in behalf of the *Debtor,* but only because of its own interest in *its* reputation.

We cannot say it was an abuse of discretion for the court to deny the motion, or that the interests of justice require that the district court be reversed. To the contrary, as a matter of policy, it would not be in the interest of justice or judicial economy for federal courts to have to entertain motions from every individual who quarrels with the wording of an opinion or claims offense at some language contained therein.

The bankruptcy court's order and opinion had no real operative effect upon A & K in this case. Although A & K clearly was blamed for the delay in filing the employment application, the firm was not fined or forced to pay Wright Killen's fees as part of the court's order. It was not directly penalized at all by the judge's ruling. In fact, A & K admittedly did not even know about the opinion until months after it was issued. Whether the judge's characterization of A & K's performance regarding the employment application in this case might have some negative effect on the firm in the future is speculative at best. We are not persuaded that this is a situation in which the interests of justice require that the opinion be withdrawn. Accordingly, A & K's "interests of justice" argument fails as well.

*CONCLUSION*

Finding no abuse of discretion, we AFFIRM the denial of A & K's Rule 60(b) motion.

10