IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-21092
Conference Calendar
_____


TCHEWAM LILY MUKWANGE,

                                        Plaintiff-Appellant,

versus

CITY OF HOUSTON,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CV-2849
--------------------
August 21, 2002

Before HIGGINBOTHAM, DAVIS, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Tchewam Lily Mukwange appeals from the denial of her motion
for relief pursuant to FED. R. CIV. P. 60(b) following the grant
of summary judgment for the City of Houston ("the City") on
Mukwange's claims pursuant to 42 U.S.C. § 1983.  We lack
jurisdiction to review the grant of summary judgment itself, as
Mukwange did not file a timely notice of appeal from that
judgment.  *See United States v. Carr*, 979 F.2d 51, 55 (5th Cir.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

1992). Regarding the denial of her Rule 60(b) motion, Mukwange contends that the district court erred by failing to recognize that it had erroneously interpreted the law of municipal liability and that the district court should have granted her Rule 60(b) motion and granted her the relief she sought in her complaint.

The denial of Mukwange's Rule 60(b) motion was not an abuse of discretion. *See First Nationwide Bank v. Summer House Joint Venture*, 902 F.2d 1197, 1200 (5th Cir. 1990). The district court correctly understood the law of municipal liability and nothing in Mukwange's pleadings or the materials she submitted established that her arrests and detentions arose from any constitutionally infirm policy, practice, or custom. *See Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992).

AFFIRMED.