Harris N. ROSEN

v.

E. ROSEN COMPANY.

No. 2001–452–APPEAL.

Supreme Court of Rhode Island.

March ·25, 2003.

Lauren E. Jones, Richard J. Land, Providence, William R. Grimm, Joseph M. DiOrio, Christopher J. McCarty, for Plaintiff.

John F. Kelleher, John G. Gazerro, Jr., Allan M. Shine, Providence, for Defendant.

Present: FLANDERS, GOLDBERG, JJ., and SHEA, J. (ret.).

## OPINION

PER CURIAM.

Smith Enterprises and Jake Smith (collectively, Smith), appeal from a Superior Court order authorizing the receiver in the above captioned case to assign, *nunc pro tunc*, certain rights in the receivership to Sherwood Brands, Inc. (Sherwood), a purchaser of the assets of the debtor, E. Rosen Company (Rosen). Smith argues that the Superior Court justice erred in granting the order because there was insufficient evidence of mutual mistake in the original assignment and because a retroactive assignment was preempted by federal law, specifically the Copyright Act, Title 17 of the United States Code (1976). This Court heard oral argument on January 21, 2003, pursuant to an order directing the parties to show cause why the issues in this case should not summarily be decided. Having reviewed the record, the memoranda of the parties, and the arguments of counsel, we have determined that cause has not been shown, and proceed to deny and dismiss Smith's appeal.

Rosen, a Rhode Island corporation, was petitioned into receivership in July 1998. The Superior Court appointed attorney Allan M. Shine as the company's receiver (the receiver), and he began a court-supervised liquidation of Rosen's assets. On September 17, 1998, the Superior Court approved the sale of numerous Rosen assets to Sherwood; the transfer was consummated in a bill of sale dated September 24, 1998. Subsequent issues relating to the assets that actually were transferred to the buyer gave rise to the appeal before this Court. Specifically, both the receiver and Sherwood sought to clarify that Rosen's copyrights were assigned to

Sherwood as part of the sale. The receiver filed a petition for instructions in the Superior Court inquiring whether he could execute a supplemental confirmatory assignment of the copyrights to Sherwood, *nunc pro tunc*, as of September 24, 1998, the original transfer date. To support the petition, the receiver submitted an affidavit attesting that, to the extent the original bill of sale was imprecise on the issue, both parties had intended for the copyrights to have been included in the transfer of assets.

The only objector to the petition was Smith, whom Sherwood had sued in United States District Court alleging that Smith used artwork—described as mug designs featuring cows—that Sherwood maintained was intellectual property it had obtained from its purchase of Rosen's assets. On September 14, 2001, the Superior Court justice issued an order granting the receiver's petition, and the receiver executed the confirmatory assignment of the copyrights to Sherwood *nunc pro tunc*. Smith appealed the order, arguing to this Court that the hearing justice erred because there was insufficient evidence of mutual mistake in the original assignment and because the federal Copyright Act preempts the court's retroactive assignment of copyrights. Sherwood argued to the hearing justice and again on appeal that Smith had no standing to object to the petition or to appeal the order and that, even if Smith was an appropriate party, the order had been properly granted.

We have held that a party has standing to undertake litigation when "the [party] alleges that the challenged action has caused him [or her] injury in fact, economic or otherwise." *Cummings v. Shorey*, 761 A.2d 680, 684 (R.I.2000) (quoting

*Rhode Island Ophthalmological Society v. Cannon*, 113 R.I. 16, 22, 317 A.2d 124, 128 (1974)). In defining injury in fact, we have adopted the description used by the United States Supreme Court: "an invasion of a legally protected interest which is (a) concrete and particularized * * * and (b) actual or imminent, not 'conjectural' or 'hypothetical.'" *Pontbriand v. Sundlun*, 699 A.2d 856, 862 (R.I.1997) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351, 364 (1992)).

■ In this case, it is undisputed that whatever copyrights Rosen possessed now belong to either Sherwood or the receiver. Whether the receiver could assign the rights to Sherwood *nunc pro tunc* was the only issue before the hearing justice. Smith argues that its injury arises because the *nunc pro tunc* assignment may be useful to Sherwood in its federal action against Smith.[1] We conclude, however, that this conjectural, indirect consequence of the order does not constitute an injury in fact, and thus Smith has no standing to challenge its issuance or to prosecute this appeal. *Cf. In the Matter of El Paso Refinery, LP*, 37 F.3d 230, 235 (5th Cir. 1994) (per curiam) (the plaintiff, the former counsel of a party to a *nunc pro tunc* order and opinion that allegedly contained erroneous facts and damaged the plaintiff's reputation, had no standing to challenge the order because the "order and opinion had no real operative effect upon" it). Moreover, in challenging this assignment in the hope that it will benefit Smith in its federal litigation, Smith is merely attempting "to take gratuitous advantage of an agreement[] in which [it] took no part," an effort we disdain. *Marr Scaffolding Co. v. Fairground Forms, Inc.*, 682 A.2d 455, 459

---

1. Smith also argued that its position as an unsuccessful bidder in the receiver's sale of Rosen's assets entitled it to standing, but

Smith admitted at oral argument that it never actually submitted a bid for the assets.

(R.I.1996) (quoting *McInnis v. Harley–Davidson Motor Co.,* 625 F.Supp. 943, 952 (D.R.I.1986)). However favorable to its defense in the federal court, Smith was a stranger to the bill of sale between the receiver and Sherwood and thus has no standing to come before a court arguing in favor of its own interpretation of the original sales contract. *Id.*

Although our ruling with respect to the standing issue is dispositive of the appeal, we nonetheless point out that Smith's substantive arguments are without merit. "The power to grant a *nunc pro tunc* order * * * is an inherent power whereby the trial court may * * * correct or amend the record * * * 'where [it] contains an incorrect entry or fails to record a substantial occurrence in the proceeding.'" *DeCarli v. Webber,* 784 A.2d 288, 290 (R.I.2001) (per curiam) (quoting 20 Am.Jur.2d *Courts* § 29 (2000)). Accordingly, the Superior Court justice had the power to authorize the receiver to make a confirmatory assignment to clarify the court-monitored bill of sale. In reviewing this decision by a hearing justice who sat without a jury, we will not reverse the ruling unless the hearing justice misconceived or overlooked relevant evidence or was otherwise clearly wrong. *Yates v. Hill,* 761 A.2d 677, 679 (R.I.2000) (per curiam).

For a justice of the Superior Court to reform a written contract, "it must appear by reason of mutual mistake that the parties' agreement fails in some material respect to reflect correctly their prior understanding." *Id.* at 680. In support of the petition, both parties to the bill of sale, the receiver and Sherwood, affirmed that to the extent the contract as written did not assign Rosen's copyrights to Sherwood, the bill of sale did not reflect their mutual understanding that those rights had been transferred. These affidavits were sufficient evidentiary support for the order allowing the receiver to assign the rights to Sherwood *nunc pro tunc. See Bloom v. Hearst Entertainment, Inc.,* 33 F.3d 518, 524 (5th Cir.1994) (declaring, in affirming a trial court's decision that intellectual property rights had been conveyed in an ambiguous contract, that "one would be hard pressed to imagine more compelling extrinsic evidence of the parties' intent than the unanimous assent of opposing negotiators"). Nor was the order preempted by the Copyright Act. The order did not address whether copyrights existed for purposes of federal law. It merely allowed the receiver to assign to Sherwood, *nunc pro tunc,* whatever copyrights may have belonged to Rosen.

In summary, therefore, we deny and dismiss Smith's appeal, and affirm the order of the Superior Court, to which we return the papers in this case.

Chief Justice WILLIAMS did not participate.