# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 20, 2009

No. 08-20342
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

LOUTO J. BRAQUET, JR

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CV-2926

Before JOLLY, BENAVIDES, And HAYNES, Circuit Judges.

PER CURIAM:[*]

Appellant Louto J. Braquet appeals the district court's order of sale and its order denying his Rule 60(b) motion. For the following reasons, we affirm the judgment of the district court.

## I. Procedural History

The United States originally brought suit in district court against Braquet in order reduce to judgment unpaid tax assessments, to foreclose the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Government's liens for the unpaid taxes on Braquet's real property, and to obtain a sale of the property. On December 5, 2007, the district court issued a judgment of title and possession determining the amount of tax owed, foreclosing the tax liens, giving title and possession of the property to the United States, and ordering Braquet to vacate the property. Braquet filed a petition for a writ of mandamus with this court on January 11, 2008, docketed as No. 08-20023. On January 29, 2008, this court denied Braquet's petition.

Braquet then filed a notice of appeal, contesting the district court's December 5 judgment, on February 4, 2008. That appeal was docketed by this court as No. 08-20082. We dismissed the appeal for failure timely to pay the docketing fee, and, on April 24, 2008, denied Braquet's motion to reinstate the appeal. On June 16, 2008, the Supreme Court denied Braquet's petition for certiorari.

The district court entered a second order, an order of sale, on April 14, 2008. Braquet filed a notice of appeal to this Court challenging the April 14, 2008 order of sale, docketed as No. 08-20342. On June 24, 2008, the district court denied Braquet's motion for relief from the judgment under Fed. R. Civ. P. 60(b). On July 11, 2008, Braquet filed an amended notice of appeal, docketed as No. 08-20470. Three days later, taxpayer filed a third notice of appeal expressly challenging all adverse orders through the denial of his Rule 60(b) motion, which this Court docketed as No. 08-20470. This court subsequently consolidated Braquet's three pending appeals in the instant proceeding.

In his brief, Braquet attempts to challenge all of the rulings of the district court, including the original judgment reducing Braquet's federal tax assessments to judgment and foreclosing tax liens. Because this court dismissed Braquet's original appeal—and denied his motion to reinstate—he cannot now appeal the substantive judgment of the district court issued on December 5, 2007.

This appeal is therefore limited to Braquet's appeals of the district court's order of sale and the denial of Braquet's Rule 60(b) motion.

## II. Order of Sale

A district court order setting the terms and conditions of the judicial sale is reviewed for abuse of discretion. *United States v. Garcia*, 474 F.2d 1202, 1206 (5th Cir. 1973).

After having obtained a judgment against Braquet in the amount of his unpaid income tax assessments and transferring title in Braquet's real property to the Government, the Government proceeded to move for an order of sale of the property. The district court entered the order pursuant to its authority under the Internal Revenue Code. *See* I.R.C. §7402. Braquet argues that the district court has no authority to authorize the sale of his real property. Braquet's arguments are without merit and are based on the same "shopworn arguments characteristic of tax-protester rhetoric" that have been universally rejected by federal courts and were expressly rejected by this court in denying Braquet's petition for mandamus. *In Re Louto J. Braquet Jr.*, No. 08-20023, (5th Cir. Jan. 29, 2008) (quoting *Stearman v. Commissioner*, 436 F.3d 533, 537 (5th Cir. 2006)). Braquet's challenges in no way establish that the district court abused its discretion in ordering the sale of Braquet's property.

## III. Rule 60(b) Motion

The denial of a Rule 60(b) motion is reviewed for an abuse of discretion. *First Nationwide Bank v. Summer House Joint Venture*, 902 F.2d 1197, 1200 (5th Cir. 1990); Fed. R. Civ. P. 60(b). Braquet contends that the judgment is "void" and thus the denial of the Rule 60 motion should be reviewed de novo. *See Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 208 (5th Cir. 2003). The denial of a Rule 60(b) motion does not bring up the underlying judgment for review on the merits. *Matter of Ta Chi Navigation (Panama) Corp. S.A.*, 728 F.2d 699, 703 (5th Cir. 1984).

Contrary to Braquet's unfounded assertions that the judgment of the district court is void, the judgment is neither invalid for lack of subject matter or personal jurisdiction nor inconsistent with due process of law. Braquet's contentions that he had no notice or opportunity to be heard are contradicted by the record and his arguments are rife with frivolous, not to mention sanctionable, tax protestation arguments. *See Stearman*, 436 F.3d at 536–37. Braquet is not entitled to relief from the district court's judgment under Rule 60.

The judgment of the district court is, in all respects, AFFIRMED.