**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 9, 2009

Charles R. Fulbruge III
Clerk

No. 08-20812
Summary Calendar

LORENZO E. THOMAS,

Plaintiff-Appellant

v.

NATHANIEL QUARTERMAN; STEVE MILLER; JANICE HERNANDEZ;
BILLY JACKSON; LISA NETTLES,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CV-3457

Before WIENER, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Lorenzo E. Thomas, Texas prisoner # 654240, appeals the district court's dismissal with prejudice of his 42 U.S.C. § 1983 civil rights complaint for failure to state a claim and the district court's denial of his motion for reconsideration, which the district court properly construed as arising under Federal Rule of Civil Procedure 60(b). *See* 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(ii); FED. R. CIV. P. 60(b). In his complaint, Thomas alleged that his due process rights were

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

violated during a prison disciplinary proceeding, which resulted in a reduction in his custodial and classification levels, 15 days in solitary confinement, and the forfeiture of 730 days of good-time credits. He sought nominal damages, injunctive relief, compensatory damages, and punitive damages.

On appeal, Thomas argues that his due process rights were violated during the prison disciplinary proceeding; he was unlawfully charged with violating prison rules; and he was never in possession of any contraband. He argues that the district court should not have dismissed his complaint prior to the resolution of his pending habeas corpus proceeding. *See* 28 U.S.C. § 2254. Thomas further argues, as he did in his motion for reconsideration, that no evidence supported the disciplinary conviction. To the extent that Thomas alleged racial discrimination in his civil rights complaint, he has abandoned that issue by failing to argue it in his brief. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Thomas asserts, for the first time on appeal, that an inmate's right to due process is violated if the hearing officer fails to independently assess the reliability of a confidential informant, but Thomas does not explicitly assert that a tip from a confidential informant played a role in his disciplinary conviction. Thomas also states generally, for the first time on appeal, that prisoners facing solitary confinement are entitled to advance written notice of the claimed violation, a written statement of the finders of fact, and an opportunity to call witnesses and present documentary evidence. Thomas does not specifically argue, however, that he was denied these protections or provide any further argument on the issues. Although this court liberally construes pro se briefs, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the court requires arguments to be briefed in order to be preserved. *See Yohey*, 985 F.2d at 225. Because these issues are not adequately briefed, we will not consider them.

We review dismissals under § 1915(e)(2)(B)(ii) for failure to state a claim de novo, using the same standard applicable to dismissals pursuant to FED.

2

R. Civ. P. 12(b)(6). *Black v. Warren*, 134 F.3d 732, 734 (5th Cir. 1998). The same standard applies to dismissals under § 1915A for failure to state a claim. *See Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). We review the denial of a Rule 60(b) motion for an abuse of discretion. *First Nationwide Bank v. Summer House Joint Venture*, 902 F.2d 1197, 1200 (5th Cir. 1990); Fed. R. Civ. P. 60(b).

Because a favorable judgment on Thomas's claims would necessarily imply the invalidity of his disciplinary conviction for which he was sentenced to the forfeiture of 730 days good-time credits, Thomas's claims are not cognizable in a § 1983 action until his conviction in the disciplinary proceeding has been expunged, reversed, or otherwise set aside. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (en banc). Thomas does not argue that his disciplinary conviction has been overturned, expunged, or otherwise invalidated. Rather, he concedes that he challenged the disciplinary conviction in a § 2254 petition. Thomas's habeas petition remains pending in the district court. Although Thomas suggests that the district court should not have dismissed his civil rights complaint during the pendency of the habeas action, "no cause of action [exists] under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck*, 512 U.S. at 489. The district court did not err in dismissing Thomas's civil rights complaint for failure to state a claim and did not abuse its discretion in denying Rule 60(b) relief.

Thomas's brief, liberally construed, raises the issue whether the district court erred in dismissing his complaint without allowing him the opportunity to further clarify his allegations. A civil rights plaintiff should be given an opportunity to amend his complaint before it is dismissed for failure to state a claim. *Bazrowx*, 136 F.3d 1053, (5th Cir. 1998). Any error, however, is harmless because the arguments Thomas raised in his motion for reconsideration and the

3

arguments he raises on appeal do not suggest that Thomas could have prevented the dismissal of his claims with further factual development, whether through an amended complaint, a *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), hearing, or a questionnaire. *See Bazrowx*, 136 F.3d at 1054; *Taylor v. Johnson*, 257 F.3d 470, 474 (5th Cir. 2001).

Thomas's motion to hold his appeal in abeyance pending the disposition of the habeas corpus proceeding is DENIED.

The district court's dismissal of Thomas's complaint counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Thomas is cautioned that if he accumulates three strikes, he will no longer be allowed to proceed in forma pauperis in any civil action or appeal filed while he is detained or incarcerated in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

AFFIRMED; MOTION TO HOLD APPEAL IN ABEYANCE DENIED; SANCTION WARNING ISSUED.