NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

SONG HE, et al., *Plaintiffs/Appellees*,

*v.*

COLES PROPERTIES LLC, *Intervenor/Appellant*.

No. 1 CA-CV 17-0561
FILED 10-23-2018

Appeal from the Superior Court in Maricopa County
No. CV2016-053018
The Honorable Steven K. Holding, Judge *Pro Tempore*

**VACATED AND REMANDED**

COUNSEL

The Kozub Law Group, PLC, Scottsdale
By William A. Kozub, Richard W. Hundley
*Counsel for Plaintiffs/Appellees*

Evans Dove Nelson Fish & Grier, PLC, Mesa
By Douglas N. Nelson, Trevor J. Fish, Thomas J. Grier
*Counsel for Intervenor/Appellant*

_____

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge James P. Beene and Judge Michael J. Brown joined.

_____

**M O R S E**, Judge:

¶1　　　　Coles Properties LLC ("Coles") appeals the superior court's order denying Coles' motion to set aside default judgment under Arizona Rule of Civil Procedure ("Rule") 60(b).[1] The superior court found that Coles was not a party and did not have standing to seek relief under Rule 60(b). Because Coles was a party with standing, we vacate the superior court's order and remand for the superior court to decide the merits of Coles' motion.

**FACTS AND PROCEDURAL HISTORY**

¶2　　　　Coles and Appellee Song He both claim to be victims of fraud perpetrated by Darrell Knoch and Imagine Enterprises, LLC ("Imagine"). This appeal concerns Coles' and Song He's claims to real property ("Property") that Imagine purchased in early 2016 but that Coles currently owns.

¶3　　　　On September 28, 2016, Appellees filed suit against Imagine for fraud and other misdeeds, seeking, among other things, an equitable mortgage on the Property, which Imagine owned at that time. Two days later, Appellees recorded a lis pendens, giving notice of the pending lawsuit and claims against the Property. Upon learning of the lis pendens and lawsuit, Coles convinced Imagine to quitclaim the property to it, and on December 8, 2016, Coles recorded a quitclaim deed transferring the Property from Imagine to Coles. On December 13, 2016, Coles sent Appellees a demand letter, telling Appellees that it held legal title to the property and requesting that Appellees quitclaim any of their interest to Coles. On the same day, Appellees moved for default judgment against Imagine and Knoch, requesting, among other forms of relief, that the court

_____

[1] The parties' filings and the superior court's order cite to Rule 60(c). The Rules were amended in 2017, and what was previously Rule 60(c) is currently numbered Rule 60(b). *See* Ariz. R. Civ. P., prefatory cmt. to the 2017 amendments.

grant a "constructive trust and/or equitable mortgage" against the Property and "that Defendant Imagine Enterprises, LLC, be ordered to hold such Property as constructive trustees and/or equitable mortgagees for the benefit of Plaintiffs."

**¶4**       Appellees did not notify the superior court that Coles was the new owner of the Property, and they did not seek to join Coles as a party pursuant to Rule 19.  Appellees also did not notify Coles of the default proceedings.  On January 4, 2017, the superior court entered default judgment against Imagine and Knoch.  Among other relief, the judgment granted Song He an equitable mortgage on the Property and, as requested by Appellees, ordered Imagine to hold the property "as constructive trustees and/or equitable mortgagees for the benefit of Plaintiffs."

**¶5**       On January 10, 2017, Coles moved to intervene.  For reasons not important to this appeal, the parties and the superior court determined that intervention at that time was not in the interests of the parties, and for that reason the court denied the motion without prejudice.  Coles later renewed its motion to intervene and on May 8, 2017, the court granted Coles' motion, finding that Coles met the requirements for a permissive intervention under Rule 24(b), and also was entitled to intervention as a matter of right under Rule 24(a).

**¶6**       Upon successfully intervening, Coles moved to set aside the part of the default judgment that granted Song He an equitable mortgage on the Property, arguing excusable neglect and other extraordinary circumstances under Rule 60(b)(1) and (6).  The superior court denied the motion, finding that Coles was not a party under Rule 60(b), and that Coles did not have standing.  The court entered final judgment, Coles timely appealed, and we have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

**¶7**       Generally, we review rulings on a motion for relief under Rule 60(b) for an abuse of discretion.  *See Gonzalez v. Nguyen*, 243 Ariz. 531, 534, ¶ 11 (2018) ("The rule . . . creat[es] a very broadly worded ground for relief, which we construe as investing extensive discretion in trial courts.").  However, whether a person has standing is a legal question which we review de novo.  *Aegis of Ariz., L.L.C. v. Town of Marana*, 206 Ariz. 557, 562, ¶ 16 (App. 2003).

**¶8**        Coles has standing under traditional standing principles because the judgment imposes a mortgage and lessens the value of Coles' Property. *See Biggs v. Cooper ex rel. County of Maricopa*, 236 Ariz. 415, 418, ¶ 8 (2014) ("To have standing, 'a plaintiff must allege a distinct and palpable injury.'" (quoting *Sears v. Hull*, 192 Ariz. 65, 69, ¶ 16 (1998))). Appellees argue, however, that Coles cannot seek relief under Rule 60(b) because Coles was not specifically mentioned in the judgment and was not a party to this action when default judgment was entered. However, Rule 60(b) provides that "the court may relieve a party or its legal representative from a final judgment," and does not explicitly limit relief to those who were parties at the time of the judgment. Ariz. R. Civ. P. 60(b). Coles successfully intervened and, therefore, was "a party" at the time the court ruled on the motion for relief under Rule 60(b).

**¶9**        In addition, Coles is Imagine's "legal representative" because it stands in the same position as Imagine with respect to the Property. *See* 11 Charles Allan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2852 (3d ed. 2018) ("The reference to the party's legal representative has been construed to refer solely to persons who effectively stand in the shoes of a party, such as a trustee or guardian, and not to include the lawyer for the party."); *Matter of El Paso Refinery, LP*, 37 F.3d 230, 234 (5th Cir. 1994) ("The term was intended to reach 'only those individuals who were in a position tantamount to that of a party or whose legal rights were otherwise so intimately bound up with the parties that their rights were directly affected by the final judgment.'" (quoting *Kem Mfg. Corp. v. Wilder*, 817 F.2d 1517, 1520 (11th Cir. 1987))); *In re Lovitt*, 757 F.2d 1035, 1040 (9th Cir. 1985) (interpreting "legal representative" to mean a party's "privy").[2]

**¶10**        *Liston v. Butler*, 4 Ariz. App. 460 (1966), is instructive. In that case, the superior court allowed a non-party to intervene and set aside a judgment that imposed a lien on his property without naming him. This Court affirmed, stating:

> We believe that one whose interests are directly affected by a judgment in a proceeding to which he is not a party, may timely move to set aside such judgment, and the trial court

---

[2]        Rule 60(b) is identical in all material respects to Fed. R. Civ. P. 60(b). "Although a federal court's interpretation of a federal procedural rule is not binding in the construction of our rule, we recognize its instructive and persuasive value and that uniformity in interpretation of our rules and the federal rules is highly desirable." *Flynn v. Campbell*, 243 Ariz. 76, 80, ¶ 9 (2017) (internal quotation marks omitted).

after notice and hearing may set aside said judgment and
grant a motion to intervene.

*Id.* at 466. Thus, even if Coles had not intervened and was not yet a named
party to the lawsuit when it moved to set aside the judgment, the superior
court could consider and grant Rule 60(b) relief and allow it to intervene at
the same time because its "interests are directly affected by [the] judgment."
*Id.*; *cf. Woodbridge Structured Funding, LLC v. Ariz. Lottery*, 235 Ariz. 25, 30,
¶ 23 (App. 2014) ("Because Genex had no right to intervene, it is not entitled
to Rule 60 relief from the trial court's entry of judgment . . . .").

## CONCLUSION

**¶11**           For the foregoing reasons, we vacate the superior court's
order denying Coles' motion to set aside and remand for consideration of
the motion on the merits. As the successful party, Coles is entitled to costs
on appeal. We defer Coles' request for attorney fees on appeal to the
superior court's discretion pending resolution of the matter on the merits.
*See Tierra Ranchos Homeowners Ass'n v. Kitchukov*, 216 Ariz. 195, 204, ¶ 37
(App. 2007).



AMY M. WOOD • Clerk of the Court
FILED:  AA