Mabra HUFF, Individually and on behalf of all other similarly situated Black Members of International Longshoremen's Assn, Local # 24, Plaintiff-Appellant,

v.

INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, LOCAL # 24, Defendant-Appellee.

No. 86–2212.

United States Court of Appeals, Fifth Circuit.

Sept. 19, 1986.

Lionel Mills, Houston, Tex., for plaintiff-appellant.

Chris Dixie, Houston, Tex., for defendant-appellee.

Before CLARK, Chief Judge, and GARWOOD and HILL, Circuit Judges.

ROBERT MADDEN HILL, Circuit Judge:

Mabra Huff appeals the dismissal of his Title VII discrimination action and the denial of his motion to reconsider the original dismissal order. Because we lack jurisdiction to review the original dismissal order, we dismiss the appeal of that order; as to the appeal from the denial of the motion to reconsider, we have jurisdiction and we affirm the district court's action.

## I.

Huff filed his complaint on June 26, 1985, against Local No. 24, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (1982). Huff alleged that Local No. 24's seniority system fails to accord him and his class their vested seniority rights. On August 6, Local No. 24 filed its answer generally denying Huff's allegations. At a pre-trial conference on December 9 the district court dismissed the complaint stating, "[t]his case properly belongs in the original action integrating the locals." The "action" to which the court referred is a long pending discrimination case which required the integration of all Texas port unions.[1] *EEOC v. International Longshoremen's Association, et al.,* No. 69–B–C (S.D.Tex. 1983). The court's December 9 order of dismissal was docketed on December 16.

On December 30 Huff filed a "motion for reconsideration" asking the district court to vacate its prior order of dismissal.[2] Huff did not specify which rule of civil procedure supported the motion. The court denied the motion on March 18, 1986. The denial was based upon the same grounds as the original dismissal, i.e., Huff's action should be brought as part of the integrated union case. Thereafter, on April 2 Huff filed a notice of appeal appealing both the December 9 order of dismissal and the March 18 order denying reconsideration.

A threshold issue of this appeal is this court's jurisdiction. A federal appellate court is required to examine the basis for its jurisdiction *sua sponte* if necessary. *See United States v. Mendoza,* 491 F.2d 534, 536 (5th Cir.1974). We must therefore determine if we have jurisdiction to review both, one, or neither of these orders.

---

1. As a result of protracted litigation beginning in the 1970s, the union was ordered to consolidate segregated port unions then existing in Houston, Texas. The district judge in the instant case was also the judge in the integrated unions case. In that case the judge issued an extensive order on March 22, 1983, integrating all Texas port unions. The seniority system created by this order called for alternative "slotting" of longshoremen so as to group similarly qualified longshoremen into an integrated ranking. It is this court-ordered system which Huff challenges as violating Title VII.

2. Huff alleged as reasons for the granting of his motion for reconsideration that his cause of action came after the district court's final merger order in cause No. 69–B–3, and he had received from the Equal Employment Opportunity Commission (EEOC) a right to sue notice. His complaint was based upon these same grounds.

## II.

We first address whether jurisdiction exists for this court to review the district court's December 9 order dismissing Huff's complaint. We conclude that we lack jurisdiction to review the December 9 order.

▆▆▆ An appeal may be taken from a district court to a court of appeals by the timely filing of a notice of appeal. Fed.R. App.P. 3. In civil cases the notice of appeal must be filed within thirty days of the date of entry of the judgment or order appealed from. Fed.R.App.P. 4(a)(1); *see also* 28 U.S.C. § 2107 (1982). The time limitation imposed by rule 4(a) is "mandatory and jurisdictional." *Browder v. Director, Dep't of Corrections of Illinois,* 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521, *reh'g denied,* 434 U.S. 1089, 98 S.Ct. 1286, 55 L.Ed.2d 795 (1978); *United States v. Montgomery,* 778 F.2d 222, 224 (5th Cir.1985); *Pryor v. U.S. Postal Service,* 769 F.2d 281, 284 (5th Cir.1985). The thirty-day notice period of rule 4(a)(1) runs from the date the judgment or order is docketed, not the date of filing. *Barksdale v. Blackburn,* 670 F.2d 23, 23–24 (5th Cir.), *cert. denied,* 457 U.S. 1109, 102 S.Ct. 2912, 73 L.Ed.2d 1319 (1982); *Wimberly v. Rogers,* 557 F.2d 671, 673 (9th Cir.1977). Huff's complaint was dismissed by an order docketed December 16, 1985, and his notice of appeal was filed on April 2, 1986.

Unless the notice of appeal period was properly suspended, his notice of appeal was untimely and this court lacks jurisdiction to review the dismissal order. Fed.R. App.P. 4(a)(1).

Fed.R.App.P. 4(a)(4) does provide methods for suspending the thirty-day notice of appeal period.[3] Under this rule timely post-judgment motions based upon Fed.R. Civ.P. 50(b), 52(b), 59(a), and 59(e) suspend the notice of appeal deadline. Once these motions are ruled upon the notice of appeal period runs from the date of that ruling. Fed.R.App.P. 4(a)(4). To determine if the notice of appeal from the December 9 order was suspended in this case, the nature of Huff's post-judgment December 30 motion must be determined.

Initially, it must be noted that Huff's December 30 motion is labeled a "Motion for Reconsideration," and it is not specifically based on any particular rule of civil procedure. Thus the nature of the motion in the light of the Federal Rules of Civil Procedure is unclear. From reviewing Huff's motion and the record, the motion is susceptible to classification under either rule 59(e) or rule 60(b). Rule 59(e) authorizes motions to alter or amend a judgment or an order. Rule 60(b) authorizes motions which alleviate the effects of final judgments or orders on the basis of equitable interests.[4]

---

**3.** Rule 4(a)(4) provides:

If a *timely* motion under the Federal Rules of Civil Procedure is filed in the district court by any party: (i) for judgment under Rule 50(b); (ii) under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (iii) under Rule 59 to alter or amend the judgment; or (iv) under Rule 59 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion.... A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above. (emphasis added).

**4.** Rule 60(b) provides in part:

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are

just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect

The difficulty of distinguishing between rule 59(e) and rule 60(b) motions has arisen often in this court, *compare Fabian v. Reed,* 707 F.2d 147, 148 n. 1 (5th Cir.), *certificate denied and appeal dism'd,* 714 F.2d 39 (5th Cir.1983), *with Pryor v. U.S. Postal Service,* 769 F.2d 281, 285 (5th Cir. 1985). However, the recent *en banc* opinion in *Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc.,* 784 F.2d 665 (5th Cir. 1986), now sets out a "bright line" classification rule. *Harcon Barge* states:

> [t]hat any post-judgment motion to alter or amend the judgment served within ten days after the entry of judgment, other than a motion to correct purely clerical errors covered by Rule 60(a), is within the unrestricted scope of Rule 59(e) and must, however designated by the movant, be considered as a Rule 59(e) motion for purposes of Fed.R.App.P. 4(a)(4). *If, on the other hand, the motion asks for some relief other than correction of a purely clerical error and is served after the ten-day limit, then Rule 60(b) governs its timeliness and effect.*

784 F.2d at 667 (emphasis added).[5]

█ Utilizing these general rules, Huff's December 30 motion to reconsider must be classified as a rule 60(b) motion. His motion was filed fourteen days after the December 9 dismissal order was docketed on December 16, and it requested complete relief from the order, not merely a clerical correction.

Having concluded that Huff's December 30 motion should be classified as a rule

60(b) motion, the effect, if any, of this motion on Huff's obligation to give a timely notice of appeal from the original dismissal order must be determined. The filing of a rule 60(b) motion does not suspend the notice of appeal time period. *Browder v. Director, Illinois Dep't of Corrections,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560, 54 L.Ed.2d 521, *reh'g denied,* 434 U.S. 1089, 98 S.Ct. 1286, 55 L.Ed.2d 795 (1978); *Phillips v. Insurance Co. of N. Am.,* 633 F.2d 1165, 1167, n. 4 (5th Cir.1981). Since Huff's notice of appeal from the December 9 dismissal order was not filed until April 2, approximately three and one-half months after the entry of the order, and Huff's December 30 motion failed to suspend the notice of appeal time deadline, this court is without jurisdiction to review the December 9 order of dismissal. The appeal from this order must be dismissed.

### III.

Huff also appeals from the district court's order denying his December 30 motion for reconsideration of the dismissal. On March 18, 1986, the court denied the motion for the same reason supporting the dismissal of Huff's action, i.e., Huff's claim should have been brought as part of the port integration action.[6] Huff filed his notice of appeal on April 2, 1986. The April 2 notice of appeal is therefore effective to invoke this court's jurisdiction under rule 4(a)(1).

As already discussed Huff's motion is properly classified as a rule 60(b) motion

---

the finality of a judgment or suspend its operation....

**5.** While the specific issue in *Harcon Barge* was whether a timely notice of appeal survives a later post-judgment motion, the court's "bright line" rule on discerning rule 59(e) and rule 60(b) motions is applicable to any interplay between rules 59(e), 60(b), and appellate rule 4(a). As we stated: "The bright line rule established here prevents such needless waste, ... and preserves the virtue of clarity sought by Fed.R.App.P. 4(a)(4)." 784 F.2d at 670. These same concerns are achieved in this case along with the important interest of ensuring the proper exercise of this court's jurisdiction.

**6.** Although not enunciated by the district court as a justification for dismissal or denial of the motion for reconsideration, Huff's complaint was untimely under 42 U.S.C. § 2000e–5(f). Section 2000e–5(f) requires that an aggrieved party, alleging a Title VII violation, bring suit within ninety days from notice of the right-to-sue letter issued by the EEOC. *See* 42 U.S.C. § 2000e–5(f) (1982); *see also Ringgold v. National Maintenance Corp.,* 796 F.2d 769, 770 (5th Cir.1986). Huff received his right-to-sue letter from the EEOC on March 25, 1985, but his complaint was not filed until ninety-two days later on June 26, 1985. An untimely complaint under § 2000e–5(f) is a proper ground for dismissal of the action. *Ringgold v. National Maintenance Corp., supra.*

under the holding of *Harcon Barge*. Because Huff failed to enunciate any basis upon which his motion was based and because the motion does not seek relief on any of the five specific grounds included in rule 60(b), *see* note 4, *supra,* his motion should be classified a rule 60(b)(6) motion, which allows a court to relieve a party from a final order for "any other reason justifying relief." [7]

The proper standard of review for examining the denial of rule 60(b) motions has often been enunciated by this court.

> Motions under Rule 60(b) are directed to the sound discretion of the district court, and its denial of relief upon such motion will be set aside on appeal only for abuse of that discretion.... It is not enough that the granting of relief might have been permissible, or even warranted, denial must have been so *unwarranted* as to constitute an abuse of discretion.

*Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396, 402 (5th Cir.1981) (emphasis in original); *see also Vela v. Western Electric Co.,* 709 F.2d 375, 376 (5th Cir.1983). Appellate review of a denial of a rule 60(b) motion "must be narrower in scope than review of the underlying order of dismissal so as not to vitiate the requirement of a timely appeal." *Pryor v. U.S. Postal Service,* 769 F.2d 281, 286 (5th Cir.1985); *see also United States v. O'Neil,* 709 F.2d 361, 372 (5th Cir.1983) (appeal from denial of rule 60(b) motion cannot substitute for timely appeal).

■ Applying these standards to the district court's denial of his motion for reconsideration, we cannot find an abuse of discretion. In his motion for reconsideration Huff merely restates, in brief, the allegations of his complaint. He fails to illuminate any extraordinary justification or change in circumstance which would require the equitable relief which he seeks. Furthermore, the denial of the motion for reconsideration has not prejudiced Huff's claim; he still has the option to pursue the

court's suggestion that this action should be brought as part of the port union integration case. To find an abuse of discretion in this case would undercut our obligation to ensure that rule 60(b) motions not be used to circumvent the ordinary appeals process which was available to appellant. *Pryor v. U.S. Postal Service,* 769 F.2d 281, 286 (5th Cir.1985).

For the above reasons, we DISMISS the appeal from the December 9, 1985, order of dismissal, and we AFFIRM the March 18, 1986, order denying Huff's motion for reconsideration.

---

**7.** Section 6 of rule 60 is regarded as a catch-all provision which allows a court to exercise broad equitable powers in re-evaluating its judgments and orders. *Menier v. United States,* 405 F.2d 245, 248 (5th Cir.1968). The overall goal of rule 60(b)(6) is to accomplish justice. *Williams v. New Orleans Public Serv., Inc.,* 728 F.2d 730, 733 (5th Cir.1984).