IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-11048
Summary Calendar

_____

CHERYL A. MOORE,

                                        Plaintiff-Appellant,

versus

FEDERAL DEPOSIT INSURANCE
CORPORATION c/o Andrew Hove, COB,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:97-CV-3126-H
_____

August 26, 1999

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Proceeding pro se, Cheryl A. Moore filed an employment discrimination complaint against the Federal Deposit Insurance Corporation (FDIC). The district court dismissed Moore's complaint pursuant to Fed. R. Civ. P. 12(b)(6). Subsequently, Moore filed a motion to file a supplemental pleading in the case, which the district court denied. Moore filed a timely notice of appeal from that order.

On appeal, Moore reargues the underlying merits of her complaint and challenges the district court's dismissal of the

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

complaint based on a lack of exhaustion. However, because Moore did not file a timely notice of appeal of the district court's judgment, this court does not have jurisdiction to review the propriety of the court's dismissal. See United States v. Carr, 979 F.2d 51, 55 (5th Cir. 1992). Although Moore filed a motion seeking both permission to appeal and reconsideration by the district court within 60 days of the court's dismissal, the district court did not construe such motion as a timely notice of appeal, presumably because the motion did not clearly evince an intent to appeal. See Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987). Moore does not argue on appeal that this was error. Further, because the motion was not filed within 10 days of the court's order, it cannot be construed as a Fed. R. Civ. P. 59 motion, which would have suspended the time for filing an appeal. See Huff v. International Longshoremen's Ass'n, Local No. 24, 799 F.2d 1087, 1089-90 (5th Cir. 1986).

This court does, however, have jurisdiction to review the district court's denial of Moore's motion to file a supplemental pleading. Moore argues that by moving to file a supplemental pleading, she was attempting to put before the court information that she was not aware of at the time of her initial filing. Moore has not shown that the district court abused its discretion by denying her motion to file a supplemental pleading. See Latham v. Wells Fargo Bank, N.A., 987 F.2d 1199, 1203 (5th Cir. 1993);

Southern Constructors Group v. Dynalectric Co., 2 F.3d 606, 611 &
n.18 (5th Cir. 1993).

The judgment of the district court is

A F F I R M E D.[1]

_____

[1] All outstanding motions are DENIED.