IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40260
Summary Calendar
_____

JERRY E. EASLEY,

Plaintiff-Appellant,

versus

STATE OF TEXAS,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-00-CV-51
--------------------
August 30, 2001

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Jerry E. Easley, Texas state prisoner # 421286, has appealed the district court's order dismissing his 42 U.S.C. § 1983 complaint and its order denying his postjudgment motion filed pursuant to Fed. R. Civ. P. 60(b).

This court must raise, sua sponte, the issue of its own jurisdiction, if necessary. Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987). Easley's notice of appeal was not filed within 30 days of the entry of judgment dismissing his complaint. See Fed. R. App. P. 4(a)(1)(A). Thus, Easley's appeal from the

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

underlying judgment was not timely filed, and this court does not have jurisdiction to review the order of dismissal. Huff v. International Longshoremen's Ass'n, Local No. 24, 799 F.2d 1087, 1089-90 (5th Cir. 1986).

However, Easley's notice of appeal was filed within 30 days of the district court's order denying his Rule 60(b) motion and, thus, the notice of appeal conferred jurisdiction on this court to review that order. Matter of Ta Chi Navigation (Panama) Corp. S.A., 728 F.2d 699, 703 (5th Cir. 1984). This court reviews the denial of a Rule 60(b) motion for an abuse of discretion. Travelers Ins. Co. v. Liljeberg Enter., Inc., 38 F.3d 1404, 1408 (5th Cir. 1994). "Appellate review of a denial of a rule 60(b) motion 'must be narrower in scope than review of the underlying order of dismissal so as not to vitiate the requirement of a timely appeal.'" Huff, 799 F.2d at 1091 (citation omitted).

Easley's arguments on appeal are directed to the district court's underlying order dismissing his complaint, which the court does not have jurisdiction to address. Easley does not assert that he was entitled to relief under any specific section of Fed. R. Civ. P. 60(b), and he does not challenge the district court's reasons for denying his motion. Easley has failed to show an abuse of discretion by the district court and, thus, he has not shown that he was entitled to relief under Fed. R. Civ. P. 60(b).

Because Easley's appeal has no arguable merit, it is DISMISSED as frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.

The district court properly characterized Easley's claims as arising under 42 U.S.C. § 1983 because he is challenging the conditions of his confinement, and he has not asserted that the defendant's conduct will have any effect on the duration of his sentence. See Carson v. Johnson, 112 F.3d 818, 820-21 (5th Cir. 1997).

Because Easley's pleadings were properly construed as a 42 U.S.C. § 1983 complaint, the provisions of the Prison Litigation Reform Act (PLRA) are applicable, including the three-strikes provision of 28 U.S.C. § 1915(g).

Easley had at least three 28 U.S.C. § 1915(g) strikes against him prior to bringing this action.** See Easley v. Vance, No. 94-50345 (5th Cir. Jan. 27, 1995)(appeal affirming the district court's dismissal of the complaint as frivolous pursuant to 28 U.S.C. § 1915(d)); Easley v. Johnson, No. 98-40627 (5th Cir. Feb. 11, 1999)(district court dismissed complaint as frivolous, and this court dismissed the appeal as frivolous, finding it had no arguable merit). See Adepegba v. Hammons, 103 F.3d 383, 385-88 (5th Cir. 1996). The district court's dismissal of the present case, and this court's dismissal of Easley's instant appeal as frivolous count as two additional strikes against him for purposes of 28 U.S.C. § 1915(g). Id.

---

** Because Easley paid the appellate filing fee in the instant case, review of this appeal was not precluded by 28 U.S.C. § 1915(g).

Thus, Easley is BARRED from proceeding in forma pauperis (IFP) in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; 28 U.S.C. § 1915(g) BAR INVOKED.