IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 01-10829
Conference Calendar

---

JOHN THOMAS BAGLEY,

Plaintiff-Appellant,

versus

BOARD OF DIRECTORS - FARMERS
NATIONAL BANK; GARY L. JOHNSON,
DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,
FIRST NAME UNKNOWN FIGUEROA, Warden;
CITY OF RULE POLICE DEPARTMENT;
FIRST NAME UNKNOWN ARNOLD, Warden;
FIRST NAME UNKNOWN BROCK, Warden;
FIRST NAME UNKNOWN GAYLORD, Captain;
PATRICK PACE, CEO/President of Farmers
National Bank; REGON JONES,
Vice President of Cashiers,
Farmers National Bank,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:00-CV-89
--------------------
December 11, 2001

Before HIGGINBOTHAM, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

John Thomas Bagley challenges the district court's dismissal
as frivolous of his 42 U.S.C. § 1983 lawsuit.  This court must
raise, sua sponte, the issue of its own jurisdiction, if

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

necessary. <u>Mosley v. Cozby</u>, 813 F.2d 659, 660 (5th Cir. 1987). A timely notice of appeal is a mandatory precondition to the exercise of appellate jurisdiction. <u>See</u> <u>Nelson v. Foti</u>, 707 F.2d 170, 171 (5th Cir. 1983). Federal Rule of Appellate Procedure 4(a)(1) requires that the notice of appeal in a civil action be filed within 30 days of entry of the judgment being appealed. Fed. R. App. P. 4(a)(1)(A). Bagley did not file a notice of appeal within 30 days of the entry of judgment.

Instead, almost one month after the district court entered judgment dismissing his civil rights lawsuit, Bagley filed "objections," which are construed as a Rule 60(b) motion. <u>See</u> Fed. R. Civ. P. 60(b); <u>Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc.</u>, 784 F.2d 665, 669 (5th Cir. 1986) (en banc). A Rule 60 motion filed more than ten days after the entry of judgment does not suspend the time for filing an appeal of the underlying judgment. <u>Huff v. Int'l Longshoremen's Ass'n, Local No. 24</u>, 799 F.2d 1087, 1089-90 (5th Cir. 1986). The denial of such a motion does not bring up the underlying judgment for review and is not a substitute for appeal. <u>In re Ta Chi Navigation (Panama) Corp. S.A.</u>, 728 F.2d 699, 703 (5th Cir. 1984).

Bagley's notice of appeal, filed within 30 days of the district court's order denying his Rule 60 motion, is untimely as to the underlying judgment and confers on this court jurisdiction to consider the order denying the Rule 60 motion only. <u>See</u> <u>In re Ta Chi Navigation (Panama) Corp. S.A.</u>, 728 F.2d at 703. However, Bagley briefs no argument that the district court's denial of

that motion was error, and he has thus waived the sole ground for appeal.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).  Bagley's appeal is without arguable merit, is frivolous, and is therefore DISMISSED.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.  Bagley is CAUTIONED that the pursuit of frivolous appeals in the future, even appeals in which he has paid the full filing fee, will invite the imposition of sanctions.

APPEAL DISMISSED; SANCTIONS WARNING ISSUED.