United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 18, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-21043
Summary Calendar

MARTHA L. ANGLIN,

Plaintiff-Appellant,

versus

LOCAL UNION 1351, INTERNATIONAL LONGSHOREMEN'S ASSOCIATION,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(H-00-CV-4392)
--------------------

Before JOLLY, WIENER, and PICKERING, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Martha L. Anglin appeals the district court's Order of Dismissal, its order sustaining defendant-appellee's objection to the recommendation of the Magistrate Judge to reinstate the case, and its subsequent order denying Anglin's Motion to Reconsider. As Anglin's appeal is not timely as to two of the orders that she attempts to appeal, we dismiss as to those orders for lack of appellate jurisdiction. And as the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court's order refusing to reconsider its prior orders does not constitute an abuse of discretion, we affirm as to it.

## I. Facts and Proceedings

Anglin sued defendant-appellee Local Union 1351, International Longshoremen's Association ("the Union") in the district court alleging discrimination on the basis of sex, in violation of Title VII of the Civil Rights Act of 1964, and on the basis of disparate pay, in violation of the Equal Pay Act. The district court disposed of the latter claim at summary judgment, but was prepared to conduct a trial on the Title VII claim when the parties advised the court that they had reached a settlement. Based on that information, the district court entered an order on December 17, 2002, dismissing the case "without prejudice to the right of the parties to move for reinstatement, for good cause shown, within ninety (90) days after the entry of this order."

The anticipated settlement was never consummated. Under the settlement agreement, Anglin was required to obtain approval of the settlement from the Union membership, but she failed to do so within the ninety-day period specified in the dismissal order. On April 22, 2003, well after the expiration of that period, the Union informed Anglin that it would not proceed with the settlement unless the case were reinstated in the district court. As noted, however, by that time the dismissal order's ninety-day period within which to reinstate the suit had passed. Anglin filed a

2

"Motion for Extension of Time for Filing Reinstatement of Claim and Request for Reinstatement," which the district court denied despite a Magistrate Judge's recommendation that the case be reinstated. Then, on August 11, 2003, Anglin filed a "Motion to Reconsider Denial of Plaintiff's Motion to Extend Time for Reinstatement," which the district court also denied. In her Notice of Appeal, Anglin appeals the Order of Dismissal, as well as all orders denying her requests to reinstate her case and denying reconsideration.

## II.  Analysis

A.  Jurisdiction

1.  Order of Dismissal, Entered December 17, 2002

In her Notice of Appeal, Anglin specified that she was appealing all three of the district court orders relating to the dismissal of her case:

> ... the Order of Dismissal entered ... on the 17th Day of December, 2002, the Order Sustaining the Defendant's Objection to the Recommendation of the Magistrate's [sic] Judge to reinstate the case entered on [the] 31st day of July, 2003 which ultimately denied Plaintiff's Motion for Extension of Time for Filing Reinstatement of Claim and Request for Reinstatement, and the subsequent denial of her Motion to Reconsider ... entered in this action on the 11th day of September, 2003.

Even if we assume without granting that the December 17, 2002 order did not become a final, appealable order until March 17, 2003 when the 90-day reinstatement period expired, Anglin's appeal of that

3

order still was not timely filed.[1]  As Anglin did not file her Notice of Appeal until October 10, 2003, almost six months after March 17, 2003, the latest conceivable date of commencement of the 30-day period for filing a notice of appeal in a civil case, her appeal was not timely as to the Order of Dismissal, and we do not have jurisdiction to consider it.[2]

2.  Order Denying Extension and Reinstatement, Entered July 31, 2003

We must determine preliminarily the nature of Anglin's "Motion for Extension of Time for Filing Reinstatement of Claim and Request for Reinstatement" ("Motion for Extension").  As we have noted previously, the Federal Rules of Civil Procedure

---

[1] In Otis v. City of Chicago, 29 F.3d 1159 (7th Cir. 1994) (en banc), the Seventh Circuit considered the appellate time frame for a similar dismissal order, which allowed for reinstatement by the plaintiff if the plaintiff answered the defendant's interrogatories within six months.  The Otis court decided that "'entry' [of judgment] should be deemed to occur on the date the condition is satisfied or the time to satisfy it ends." Id. at 1167.  As Anglin's appeal is not timely as to the dismissal order regardless of whether that order was "entered" on December 17, 2002, or March 17, 2003, we need not address that issue today.

[2] See Fed. R. App. P. 4(a)(1); Huff v. Int'l Longshoremen's Ass'n, Local # 24, 799 F.2d 1087, 1089 (5th Cir. 1986)("In civil cases the notice of appeal must be filed within thirty days of the date of entry of the judgment or order appealed from.") We note, also, that if Anglin's subsequent Rule 60 motion had been filed within 10 days of the entry of judgment, the filing of that motion would have tolled the running of the 30-day appellate timetable. See Fed. R. App. Proc. 4(a)(4)(A)(vi).  Anglin did not file her first Rule 60 motion until more than three months after the order of dismissal was entered, however, so the filing of that motion did not effect such a suspension of the 30-day period in which to file a notice of appeal.

4

do not recognize a 'motion for reconsideration" <u>in haec verba</u>. We have consistently stated, however that a motion so denominated, provided that it challenges the prior judgment on the merits, will be treated as either a motion 'to alter or amend' under Rule 59(e) or a motion for 'relief from judgment' under Rule 60(b). Under which Rule the motion falls turns on the time at which the motion is served. If the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b).[3]

As her Motion for Extension was not filed within 10 days following the entry of the dismissal order, it was not a Rule 59 motion,[4] so we must treat it as a Rule 60 motion.[5] Like appeals from final civil judgments, appeals from denials of Rule 60 motions must be filed "within 30 days after the judgment or order appealed from is entered."[6] As Anglin's Notice of Appeal was filed more than 30 days after the filing of the order denying her Motion for

---

[3] <u>Lavespere v. Niagara Mach. & Tool Works, Inc.</u>, 910 F.2d 167, 173 (5th Cir. 1990)(citations omitted; partially abrogated on other grounds, <u>see</u> <u>Little v. Liquid Air Corp.</u>, 37 F. 3d 1069, 1076 n.14 (5th Cir. 1994)(en banc)).

[4] Federal Rule of Civil Procedure 59(e) dictates that a motion to alter or amend judgment "shall be filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e). <u>See also</u> <u>United States Leather, Inc. v. H & W P'ship</u>, 60 F.3d 222, 225 (5th Cir. 1995) (noting that the time limit for post trial motions under Rule 59 is jurisdictional and cannot be extended by the parties or the district court).

[5] Anglin appears to agree with this characterization, as she argues in her brief that her counsel's failure to track the appellate time frame in this case amounted to "excusable neglect" under Fed. R. Civ. P. 60(b)(1).

[6] Fed. R. Civ. P. 4(a)(1)(A).

5

Extension, her appeal of that order is not timely, so we do not have jurisdiction to hear it either.

3.  Order Denying Reconsideration, Entered September 11, 2003

Although Anglin did not timely appeal the July 31, 2003, denial of her Motion for Extension, she did file a "Motion for Reconsideration" on August 11, 2003, which essentially repeated the contentions made in her earlier Motion for Extension.[7]  This latter motion too was a Rule 60(b) motion.  As Anglin's Notice of Appeal was filed on October 10th, precisely 30 days after the district court's September 11 denial of Anglin's Motion for Reconsideration, her appeal of that order is timely.  As no Rule 60 motion was filed within 10 days after March 17, 2003, being the latest date on which the original dismissal order could have become final, however, the 30-day time frame in which to appeal that <u>dismissal</u> was never suspended.  The same is true regarding the July 31, 2003 order denying the Motion for Extension.  Thus, as noted above, Anglin cannot appeal the dismissal order itself or the order denying extension.  We do, however, have jurisdiction to review whether the district court's refusal to reconsider its denial of Anglin's Motion for Extension was an abuse of discretion.

<u>B. Denial of "Motion for Reconsideration": Abuse of Discretion?</u>

---

[7] This fact alone could conceivably doom Anglin's Motion to Reconsider, as we have previously held that "absent truly extraordinary circumstances, ... the basis for [a] second [Rule 60(b)] motion must be something other than that offered in the first." <u>Latham v. Wells Fargo Bank, N.A.</u>, 987 F.2d 1199, 1204 (5th Cir. 1993).

6

The decision to grant or deny relief under Rule 60(b) "lies in the sound discretion of the district court and will be reversed only for an abuse of that discretion."[8] Furthermore, we have an obligation to ensure that Rule 60(b) motions are not used to circumvent the ordinary appeals process, including the time limits that this process dictates. Thus our review of such a motion is "narrower in scope than review of the underlying order of dismissal."[9] Given this highly deferential standard of review, and the lack of evidence suggesting that Anglin's failure timely to seek reinstatement of her case was caused by anything other than inattention on her part or the part of her counsel, we are satisfied that the district court did not abuse its discretion when it declined to reconsider its decision not to reinstate her case.

First, as the district court noted, this was "not a case where the deadline was barely missed by a day or so due to unforeseen circumstances or the like: Plaintiff's motion was not filed until about a month and a half after the 90 day period expired." Additionally, the original Order of Dismissal clearly expressed the 90-day period for reinstatement. Even though Anglin's attorney claims that he did not receive his copy of that order, such a bald, potentially self-serving assertion, without more, is insufficient

---

[8] New Hampshire Ins. Co. v. Martech USA, Inc., 993 F. 2d 1195, 1200 (5th Cir. 1993).

[9] Huff v. Int'l. Longshoremen's Ass'n., Local # 24, 799 F.2d 1087, 1091 (5th Cir. 1986)(quoting Pryor v. U.S. Postal Service, 769 F.2d 281, 286 (5th Cir. 1985)).

7

to demonstrate excusable neglect under Rule 60(b): "[T]o be relieved from the effect of judgment, a party must show more than mere reliance on the clerk to give notice of a judgment."[10]  Our painstaking review of the record, the pleadings, and the contentions of the parties in their respective appellate briefs, reveals nothing in law or fact to indicate that the district court abused its discretion when it declined to reconsider its earlier refusal to reinstate Anglin's claim well after the expiration of the time allowed for the parties to have reinstated it.

### III.  Conclusion

As Anglin's appeal of the Order of Dismissal entered on December 17, 2002 and the order denying extension and reinstatement entered July 31, 2003 is not timely, we have no jurisdiction to review those orders.  Although her notice of appeal was timely filed as to the district court's September 11, 2003 order denying Anglin's August 11, 2003 reconsideration motion, the district court did not abuse its discretion when it refused to reconsider its prior order denying Anglin's Motion for Extension.  For the foregoing reasons, we dismiss for lack of appellate jurisdiction Anglin's appeal as to the district court's December 17, 2002 and July 31, 2003 orders; and we affirm the district court's denial of her August 11, 2003 motion to reconsider.

DISMISSED in part; AFFIRMED in part.

---

[10] Latham, 987 F.2d at 1204 (quoting Wilson v. Atwood Group, 725 F.2d 255, 258 (5th Cir. 1984)(en banc)).