United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 19, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 04-40508
Summary Calendar

———————————————

In The Matter Of: LEO ROGERS DUGAS,

Debtor.

———————————————————————

LEO ROGERS DUGAS; VALERIE DARLENE DUGAS,

Appellants,

versus

CLARON CORP.,

Appellee.

———————————————————————

Appeal from the United States District Court for the Eastern District of Texas
(No. 1:02-cv-00679-RC)

———————————————————————

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Before the Court is an appeal from the district court's order denying a motion to

reopen the case and a request for relief pursuant to Fed. R. Civ. P. 60(b)(4).  For the reasons

———————————————

   [*] Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth
in 5th Cir. R. 47.5.4.

that follow, we affirm the judgment order of the district court.

## I. FACTS AND PROCEEDINGS

On August 24, 2001, the United States Bankruptcy Court for the Eastern District of Texas ["bankruptcy court"] entered a sanctions order[1] from which Claron Corporation ["Claron"] appealed. Claron moved for relief from judgment of the sanctions order pursuant to Bankruptcy Rule 9024 [the "Rule 60(b) motion"]. On October 24, 2001, the bankruptcy court conducted a hearing on this motion.

The bankruptcy court conducted the hearing pursuant to Winchester v. United States Attorney for the Southern District of Texas, 68 F.3d 947 (5th Cir. 1995), which acknowledges the jurisdiction of a trial court (in this case, a bankruptcy court), notwithstanding the prior filing of a notice of appeal, to "take action in aid of [an] appeal [before] the case is remanded to it by the appellate court." Id. at 949 (internal citations and quotations omitted). Following the hearing, on October 25, 2001, the bankruptcy court entered a notice of intent to grant, upon remand from the district court, Claron's Rule 60(b) motion.

On July 8, 2002, the district court transmitted to the bankruptcy court an order entered on May 28, 2002, dismissing Claron's appeal from the bankruptcy court. The bankruptcy court considered the order dismissing the appeal as authorization to proceed to grant the Rule 60(b) motion, and vacate the sanctions order, which it did on August 22,

---

[1] The sanctions order was styled: "Final Order Granting in Part and Denying in Part Debtor's Motion to Disgorge and Transfer of Funds Into the Registry of the Court and Awarding Damages for Willful Violations of the Automatic Stay."

2

2002. Appellants Leo and Valerie Dugas [the "Dugases"] appealed this order to the district court, asserting that the bankruptcy court had lacked jurisdiction to grant Claron's Rule 60(b) motion.

On July 24, 2003, the district court affirmed the bankruptcy court's order granting the Rule 60(b) motion. The matter was then remanded to the bankruptcy court for further proceedings. The Dugases filed in this Court a petition for a writ of mandamus, seeking immediate review of the district court's order, which was denied on December 3, 2003. The Dugases then moved the district court to reopen the case and requested relief pursuant to Rule 60(b) [the "second Rule 60(b) motion"] on March 8, 2004. The Dugases argued that the district court's July 24 order affirming the bankruptcy court's order was void, because the district court's May 28, 2002 order had divested the bankruptcy court of jurisdiction.

On April 13, 2004, the district court denied the second Rule 60(b) motion. The Dugases timely appeal from the April 13 order.

## II. STANDARD OF REVIEW

We review a district court's decision to grant or deny relief under Rule 60(b) for an abuse of discretion. See Anglin v. Local Union 1351, Int'l Longshoremen's Ass'n, 102 Fed. Appx. 367, 370 (5th Cir. 2004) (citing New Hampshire Ins. Co. v. Martech USA, Inc., 993 F.2d 1195, 1200 (5th Cir. 1993)).

## III. DISCUSSION

Appellants Leo and Valerie Dugas [the "Dugases"] argue that the district court's judgment affirming the decision of the bankruptcy court is void because it is contrary to

this Court's decision in Winchester v. United States Attorney for the Southern District of Texas, 68 F.3d 947 (5th Cir. 1995). Winchester affirmed the proposition that once a party notices appeal, the district court is divested of jurisdiction except to "take action in aid of the appeal" or to correct clerical errors under Fed. R. Civ. P. 60(a). Id. at 949. In Winchester, this Court examined the situation where a district court considers a Rule 60(b) motion filed after a notice of appeal, and distinguished between a district court's denying such a motion, or granting it. Id. While denying a Rule 60(b) motion is permissible as action in furtherance of the appeal, "'[w]hen the district court is inclined to grant the 60(b) motion, . . . then it is necessary to obtain the leave of the court of appeals. Without obtaining leave, the district court is without jurisdiction, and cannot grant the motion.'" Id. (quoting Travelers Ins. Co. v. Liljeberg Enters., 38 F.3d 1404, 1407 n.3 (5th Cir. 1994)).

In this case, the Dugases argue that under Winchester, the bankruptcy court was without jurisdiction to grant Claron's Rule 60(b) motion because the bankruptcy court did not "obtain leave" to grant the motion. They contend that therefore, the district court's July 24, 2003 affirming the bankruptcy court's order is void. The question whether the bankruptcy court obtained leave from the district court, however, is a red herring. Winchester explains that: "a notice of appeal divests the district court of jurisdiction 'except to take action in aid of the appeal until the case is remanded to it by the appellate court . . . .'" Id. (emphasis added). Here, the case was remanded to the bankruptcy court when the district court dismissed the appeal on May 28, 2002. Consequently, the bankruptcy court incontrovertibly had jurisdiction to grant the Rule 60(b) motion.

4

As the district court correctly found, the Dugases' appeal is wholly without merit and, therefore, is DISMISSED as frivolous.  See 5TH CIR. R. 42.2; Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  The Dugases are cautioned that filing additional frivolous motions, suits, or appeals may result in the imposition of sanctions.

## IV. CONCLUSION

For the foregoing reasons, the decision of the district court is AFFIRMED.