United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 8, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-10831
Summary Calendar

FRANCIS TEJANI KUNDRA,

Petitioner-Appellant,

versus

CYNTHIA FIGUEROA CALHOUN, Dallas County Clerk,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CV-2511
--------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:*

Francis Tejani Kundra, Bureau of Immigration and Customs
Enforcement (BICE) detainee # 20661647, appeals the district
court's denial of his FED. R. CIV. P. 60(b) motion following the
dismissal of his 28 U.S.C. § 1651 petition for writ of mandamus
as frivolous. Kundra argues that the district court had the
discretion to reopen his case under FED. R. CIV. P. 59(e) and that
the district court erred in not allowing him to file a civil
rights against Calhoun for not filing his state habeas
applications challenging his guilty plea convictions in two

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

separate cases.  The district court did not err in construing Kundra's motion as a Rule 60(b) motion because it was filed more than ten days after the entry of the district court's judgment dismissing his mandamus petition.  See Huff v. Int'l Longshoremen's Ass'n, Local No. 24, 799 F.2d 1978, 1089-90 (5th Cir. 1986).  Kundra has not shown that the district court abused its discretion in denying his Rule 60(b) motion as Kundra did not make the requisite showing that he was entitled to relief under Rule 60(b)(1) to (5) and did not show that extraordinary circumstances existed which warranted relief under Rule 60(b)(6). Hess v. Cockrell, 281 F.3d 212, 216 (5th Cir. 2002); Edwards v. City of Houston, 78 F.3d 983, 995 (5th Cir. 1996) (en banc).

Kundra's appeal is without arguable merit and is thus frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because it is frivolous, it is dismissed.  See 5th Cir. R. 42.2.

APPEAL DISMISSED.